The opinion of the Court was delivered by
Wardlaw, Ch.
In this case Thomas Bennett, a purchaser with notice of the claim of the plaintiff, has no superior equity to that of his vendor John Laurens. Where a person purchases with full notice of the legal or equitable title of other persons to the same property, he will not be permitted to protect himself against such title; and his own title will be postponed or made subservient to theirs. Courts of Equity will declare him a trustee for the benefit of the persons whose rights he has sought to defraud or defeat. Story Eq. 395.
Then the single question in the case is, whether or not John Laurens is bound to specific performance of the agreement of P. J. Porcher as agent, to convey the land in controversy.
This Court is of opinion, that the decree of the Chancellor dismissing the bill may be well maintained, on the single ground of improper delay in the plaintiff in applying for the peculiar remedy of equity after notice that his vendor renounced the agreement. Granting that J ohn Laurens is responsible for the conduct of his donee by parol of the land, yet this donee, Edward R. Laurens, in April, 1850, gave distinct notice to plaintiff that J ohn Laurens did not feel obliged to convey, and would not convey, the land according to the plaintiff’s interpretation of Porcher’s agreement as to boundaries, and that unless plaintiff, would accept a conveyance which, now confessedly, fulfils in substance the engagements of John Laurens “and the demands of the plaintiff, the land would be sold to some other *278 person. Yet the bill was not filed until July 22, 1852, two years and a quarter after tbis notification. Time is not usually regarded in equity as of the essence of contracts, and anciently it was considered that it could not be rendered essential by the stipulations of the parties concerning lands; but the tendency of recent decisions is to require persons concerned in contracts relating to lands as in other contracts, to regard time as material. Other cases confirm the case of Southcomb vs. Bishop of Exeter, 6 Hare, 211, cited in the Circuit decree. In Heaply vs. Hill, 2 Sim. and Stu. 29, (1 E. C. R. 332,) Sir John Leach, Y. C., dismissed a bill by a lessee for specific performance of an agreement for a lease, because it was not filed for more than two years after the lessor had given notice to the plaintiff of his purpose not to perform the contract on account of the latter not having fulfilled it on his part; where the only reason assigned for delay was that plaintiff’s attorney had mislaid the papers relating to the transaction. In Watson vs. Reid, Russ. and Myl. 336, (4 E. C. R. 404,) Sir Thomas Plumer, M. R., dismissed a vendor’s bill for specific performance, on the ground of unreasonable delay, where the vendor did not file his bill until about a year after notice from the purchaser that the latter abandoned the contract. In Walker vs. Jeffreys, 1 Hare, (23 E. C. R. 348,) Sir James Wigram, Y. C., approved the foregoing two cases as sound in principle, too authoritative to be shaken, and as establishing a rule, that if one of two parties to a contract concerning lands gives the other notice that he will not perform the contract, the other after such notice must be prompt in the assertion of his right to enforce the contract, or equity will consider him as acquiescing in the notice, and abandoning any equitable right to the specific execution of the contract, and will leave the parties to their remedies and liabilities at law. Where there is nothing but a resting on the equitable estate, without clothing it with a legal title, by a person in possession of the land and enjoyment of the profits, this is not such laches as will prevent relief. Crofton *279 vs. Ormsby, 2 Sch. and Lef. 604. But here the plaintiff has never been in possession, and contracted to buy lands yielding no rent on mere speculation. According to the rule in Walker vs. Jeffreys, the plaintiff is ousted from what is called, perhaps improperly, the extraordinary jurisdiction of this Court. I agree with the remark of Sir William Grant, M. R., in Hall vs. Warren, 9 Ves. 608, that “supposing a contract about lands to have been entered into by a competent party, and to be in the nature and circumstances of it unobjectionable, it is as much of course in this Court to decree a specific performance as it is to give damages at law.” It is sometimes said that giving a specific performance is matter of discretion, but although this is true, yet as Lord Eldon says in White vs. Damon, 7 Ves. 35, “the discretion is not arbitrary and capricious. It must be regulated on grounds that will make it judicial.” Discretion does not mean the caprice of a man sitting in the seat of judgment; and merely implies some latitude in the Judge to afford or withhold relief under the circumstances of each case, according to the rules and doctrines of the Court. Eor instance, when we declare the plaintiff in this case barred from specific performance by his unreasonable delay, we are not governed by the statute of limitations or any other statute, and we exercise a judicial discretion controlled by authoritative decisions in the Court.
The only excuse made for the plaintiff’s delay in filing his bill, is, that having recorded the agreement in the registry of mesne conveyances for Charleston, he waited to ascertain to what other purchaser John Laurens might convey the premises, and that he did not in fact ascertain that the land had been conveyed to Mr. Bennett, until a month or two before filing the bill. This excuse seems feebler than that assigned in Heaply vs. Hill, although of the same general character.— Registry of an agreement for the sale of land is not required by any statute, and of course cannot operate as implied notice to all persons. Mr. Bennett’s conveyance of the land was *280 registered as required by our statutes, within a few days after July 11, 1850, and affected plaintiff and all other persons with implied notice. There can be no pretence of necessity on the part of plaintiff for waiting to ascertain a subsequent purchaser from John Laurens; for the plaintiff might have proceeded against John Laurens for specific performance as- soon as he refused or improperly delayed to fulfil his agreement; and surely lis pendens would afford much more implication of notice to subsequent purchasers, than the unrequired registry of the agreement.
If there was no other defence in the case the plaintiff must fail on his laches in pursuing the peculiar remedy of this Court. But we do not mean to disparage the reasoning of the Chancellor as to other objections to the bill; nor to affrm that plaintiff could have maintained his bill if filed the day after notice to him that Laurens had abandoned the contract. The refusal of the plaintiff to accept a conveyance tendered to him of all which he could equitably exact, even when advised to accept by his own counsel; his misrepresentation, whether innocent or intentional, to the broker and agent of defendant misleading the agent concerning Society street continued; his refusal to recognize to any extent the deed of 1829, which his vendor wished to affirm; the nature of his purchase, being of wild-lands of fluctuating and speculative value, for which he might be adequately compensated by damages at law; his insisting that John Laurens should violate his conscientious scruples, and possibly impair the rights of his previous grantees, Mr. Bennett and the City Council; the irregularity of the agent’s deputation; the indefiniteness of the description of the premises in the agreement, — these circumstances of themselves make the specific execution of the agreement very objectionable.
It is ordered and decreed that the decree be affirmed and that the appeal be dismissed.
JOHNSTON, DüNKIN and DaRGAN, CC., concurred.

Decree affirmed.